UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

RTC MORTGAGE TRUST 1995-S/N2,
<u>Plaintiff-Appellee,</u>

v.

JOHN F. MCMAHON, JR., Trustee for
the Benefit of John F. McMahon,
Jr.; GARY PUGH, Substitute Trustee,
<u>Defendants-Appellants,</u>

No. 97-1586

and

M3, L.L.C.,
<u>Defendant,</u>

PETER A. DINGMAN, Receiver for the
Manassas Office Research Park,
<u>Party in Interest.</u>

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
James C. Cacheris, Senior District Judge.
(CA-96-1776-A)

Argued: May 7, 1998

Decided: June 15, 1998

Before ERVIN and HAMILTON, Circuit Judges, and
BLAKE, United States District Judge for the
District of Maryland, sitting by designation.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Paul Dennis Scanlon, Manassas, Virginia, for Appellants. Paul Kevin Campsen, KAUFMAN & CANOLES, Norfolk, Virginia, for Appellee. **ON BRIEF:** Megan E. Burns, KAUFMAN & CANOLES, Norfolk, Virginia; Philip C. Baxa, MAYS & VALENTINE, L.L.P., Richmond, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

In 1990 the Resolution Trust Corporation ("RTC") became the receiver for a failed financial institution. By assignment dated August 31, 1995 the RTC Mortgage Trust 1995 - S/N2 ("Mortgage Trust") came to own a $3,170,000 promissory note owed by John F. McMahon, Jr., and John F. McMahon, Jr., trustee for the benefit of John F. McMahon, Jr. (collectively "Mr. McMahon"), as well as a deed of trust on an office park that Mr. McMahon had owned and pledged as security for the note (collectively the"Loan Documents"). In 1992 Mr. McMahon and his wife filed for Chapter 11 bankruptcy. A bankruptcy trustee was appointed but was unable to sell the office park and consequently abandoned any interest in the property by notice filed August 20, 1996. The Mortgage Trust then filed suit in the Eastern District of Virginia seeking appointment of a receiver for the office park, an injunction prohibiting the defendants from interfering with the Mortgage Trust's rights under the Loan Documents, and a declaration that the Loan Documents remain valid and create an enforceable lien against the office park.

During his bankruptcy proceedings, Mr. McMahon apparently had conveyed the office park to defendant Gary Pugh, substitute trustee of the deed of trust. Mr. Pugh then had appointed Kenneth A.

2

Labowitz as substitute trustee of the deed of trust. Mr. Pugh filed a motion to add Mr. Labowitz, who as trustee held title to the office park, as a necessary and indispensable party plaintiff, see Fed. R. Civ. P. 19(b). He also moved to dismiss on the ground that adding Mr. Labowitz as a plaintiff would destroy diversity and oust the court of jurisdiction. The district court denied both motions, explaining that the trustee need not be added because title to the office park was not in dispute, but only the validity of the Loan Documents which the RTC had an independent right to enforce under the terms of those documents.

Mr. McMahon defended the Mortgage Trust's suit by arguing that the Loan Documents were invalid. He previously, however, had represented on multiple occasions to the bankruptcy court and to his creditors that the Loan Documents were a valid debt owed by him, and the bankruptcy court had granted him some degree of relief. Consequently, the district court held on grounds of issue preclusion, claim preclusion, and judicial estoppel that Mr. McMahon could not have those same Loan Documents invalidated after receiving the benefit of his contrary representations in the bankruptcy court. The district court granted summary judgment in favor of the Mortgage Trust, holding that the Loan Documents remained valid and created an enforceable lien on the office park. Mr. McMahon's appeal is now before us for decision.

After considering the joint appendix, the briefs, and the arguments of counsel, we affirm on the grounds stated in the district court's well-reasoned opinion. See RTC Mortgage Trust v. John F. McMahon, Jr., Trustee, No. 96-1776-A (E.D. Va. March 24, 1997) (corrected April 21, 1997). Additionally, Mr. McMahon on appeal seeks for the first time to argue that the statute of limitations has run on the Loan Documents. This affirmative defense is now barred, see Fed. R. Civ. P. 8(c), for (with few exceptions not here applicable) "[a]n appellant in a civil case cannot raise a ground for reversal for the first time on appeal unless it goes to the district court's subject-matter jurisdiction . . . ." Heiar v. Crawford County, Wisconsin, 746 F.2d 1190, 1196 (7th Cir. 1984) (holding that statute of limitations defense raised for the first time on appeal was barred); see also Fisher v. Vassar College, 70 F.3d 1420, 1452 (2d Cir. 1995) (holding same), aff'd on other grounds, 114 F.3d 1332 (2d Cir. 1997) (en banc).

AFFIRMED

3